1

2

3

4

5

FILED _____ ENTERED _____
LODGED _____ RECEIVED

JAN 18 2008

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

The Honorable Marsha J. Pechman



**07-CV-00854-ORD**

6

7        UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON

8                                    AT SEATTLE

9

10   WASTE ACTION PROJECT, a non-profit
     corporation,

11                                     Plaintiff,

12       v.

13   GKN AEROSPACE CHEM-TRONICS, INC.,

14                                     Defendant.

15

16

17

18

19

20

21

22

23

24

25

26

**No. 2:07-cv-00854-MJP**

**CONSENT DECREE**

WHEREAS, plaintiff Waste Action Project, a non-profit corporation ("plaintiff"), filed a Clean Water Act ("CWA") citizen suit action on June 5, 2007, against defendant GKN Aerospace Chem-Tronics, Inc. ("defendant") alleging violations of the CWA and alleged violations of defendant's National Pollutant Discharge Elimination System Permit No. SO3008713A ("NPDES permit"); and

WHEREAS, defendant denies any fault, wrongdoing, or liability for all claims alleged by the plaintiff in this action; and

WHEREAS, plaintiff and defendant (hereafter "the parties") agree that settlement of this matter is in the public interest and in the best interests of the parties, and that entry of this Consent Decree ("Decree") without additional litigation or appeal is the most appropriate means of resolving this action; and

CONSENT DECREE - 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ◆ 206-447-4400

1    WHEREAS, the parties and their respective attorneys have consented to entry of this Decree,
2 without trial, adjudication, or admission of any issue of fact or law herein and without admission of
3 any fact, allegations, or legal argument contained in plaintiff's 60-day notice or complaint in this
4 action.

5    NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as
6 follows:

7    1.    This Court has jurisdiction over the parties and the subject matter of this action
8 pursuant to Section 505(a)(1)(A) of the Clean Water Act, 33 U.S.C. § 1365(a)(1)(A).

9    2.    The provisions of this Decree shall apply to and be binding upon the parties to this
10 Decree.

11    3.    As of the effective date of this Decree, defendant shall be in full compliance with the
12 NPDES permit. In addition to the monitoring required in the NPDES permit, for a period of one (1)
13 year from the effective date of this Decree, GKN shall conduct monthly monitoring at one sample
14 location that is fairly representative of defendant's discharge for the months of December, January
15 and February. For a period of three (3) years from the effective date of the Decree, defendant will
16 forward to Waste Action Project, on a quarterly basis, copies all written or electronic
17 communications with the Department of Ecology concerning stormwater. Written or electronic
18 communications to Waste Action Project required by this paragraph will be mailed to Greg Wingard,
19 Waste Action Project, P.O. Box 4832, Seattle, WA 98194-0832.

20    4.    Within thirty (30) days from entry of this Decree, defendant shall pay $13,500 to
21 King County, Washington for the Mullen Slough restoration project, which is further described in
22 Exhibit "A" to this Decree, which exhibit is attached hereto and incorporated herein by reference.
23 This payment shall be made by check payable to King County Finance, which shall bear the notation
24 "Waste Action Project v. GKN Aerospace Chem-Tronics, Inc.," and shall be mailed to King County
25 Water and Land Resources Division, 201 S. Jackson Street, Suite 600, Seattle, WA 98104, Attn:
26 Steve Oien, a copy of which shall be forwarded to plaintiff. Within thirty (30) days from entry of

CONSENT DECREE - 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

50838445.2

1  the Decree, defendant also agrees to coat the HVAC and additional equipment surfaces on the roof

2  overlaying the portion of the building that is leased by defendant (approximate cost $10,000) and to

3  replace the galvanized fence at its Kent facility (approximate cost $4,850).

4      5.    Within thirty (30) days from entry of this Decree, defendant shall pay plaintiff's

5  attorney the sum of $8,000.00 for plaintiff's attorneys' fees and litigation expenses incurred in this

6  matter.  The check for said fees and litigation expenses shall be made payable and sent to Smith &

7  Lowney, PLLC, 2317 East John Street, Seattle, WA 98112, Attn:  Richard Smith.

8      6.    This Decree is intended to be and shall constitute the exclusive remedy and a

9  complete and final settlement of any and all past and future claims related to the NPDES permit that

10 have or might have been alleged against defendant by plaintiff, its members, officers, and directors

11 under the federal Clean Water Act and RCW 90.48 up to and through the date of entry of the Decree

12 for violations of the NPDES permit, which claims are released and dismissed with prejudice.

13 Enforcement of this Decree shall be the exclusive remedy of the plaintiff, its officers, directors, and

14 members for any violation of its terms.

15     7.    This Decree is determined to be in the public interest and an appropriate resolution of

16 the allegations in plaintiff's complaint.

17     8.    This Decree is a settlement of disputed facts and law, and shall not constitute an

18 admission or adjudication with respect to any allegation in the 60-day notice or the complaint, or an

19 admission or evidence of any wrongdoing or misconduct or liability on the part of defendant.

20     9.    The Court shall retain jurisdiction to enforce the terms of this Decree and to resolve

21 any disputes arising hereunder until the Decree has been terminated.

22     10.   This Decree shall take effect on the date that it is entered by the Court and shall

23 terminate ninety (90) days after satisfaction of the last obligation of defendant that is contained in

24 this Decree.

25     11.   This Decree may be modified only upon the written consent of the parties and

26 approval of the Court.

CONSENT DECREE - 3

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

508384445.2

1       12.     Defendant shall comply with all requirements of this Decree within the time periods

2  specified herein. If any event occurs that is outside of the reasonable control of defendant (a "force

3  majeure event" as further defined below), which causes a delay in performing tasks required by this

4  Decree, the delay shall not constitute a failure to comply with the terms of this Decree, provided that

5  defendant has submitted written notification to plaintiff no later than fifteen (15) days after the date

6  that defendant first concludes that such event has caused or will cause non-compliance, describing

7  the length or anticipated length of non-compliance, the precise circumstances causing non-

8  compliance, the measures taken or to be taken to prevent or minimize non-compliance, and a

9  schedule for implementation of the measures to be taken.

10      A force majeure event shall include, but not be limited to the following, to the extent they are

11  outside the reasonable control of the defendant and cannot be overcome by diligence:

12          A.     Acts of God, war, insurrection, or civil disturbance;

13          B.     Earthquakes, landslides, fire, floods;

14          C.     Actions or inactions of third parties over which defendant has no control;

15          D.     Adverse weather conditions or unusual delay in transportation;

16          E.     Restraint by court order or order of public authority;

17          F.     Strikes; and

18          G.     Any other litigation or arbitration or mediation that causes delay.

19      Provided that defendant complies with the notice provision of this paragraph, then in the

20  event that defendant fails to comply or anticipates failing to comply with the requirements of this

21  Decree because of a force majeure event, defendant's failure to comply, as described in the written

22  notice to plaintiff under this paragraph, shall not be a violation of this Decree and shall not result in

23  any liability or other sanctions. In such event, the milestone date(s) shall be extended for a

24  reasonable period of time following the force majeure event.

25

26

CONSENT DECREE - 4

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ◆ 206-447-4400

50838445.2

1    13.    The parties agree that this Decree is subject to the notice requirements of 33 U.S.C. §

2    1365(c)(3) and 40 C.F.R. § 135.5 and shall not be entered until at least forty-five (45) days after the

3    date of lodging with the Court.

4    14.    In the event of a dispute regarding implementation of or compliance with the Decree,

5    the parties shall first attempt to informally resolve the dispute through meetings between the parties

6    by serving a written notice of request for dispute resolution. If no resolution is reached within thirty

7    (30) days from the date that the notice of dispute is served, the parties may resolve the dispute by

8    filing motions with the Court.

9    15.    The undersigned representative of each party to this Decree certifies that he is fully

10   authorized by the party he represents to enter into the terms and conditions of this Decree and to

11   legally execute and bind such party to this Decree.

12   16.    The rule of construing ambiguities against the drafting party shall not apply to this

13   Decree.

14   17.    Each party acknowledges that they have relied on the legal advice of their attorney,

15   who is the attorney of their own choice and that the terms of this Decree have been completely read

16   and explained to them by their attorney, and that the terms are fully understood and voluntarily

17   accepted. Plaintiff has been represented by Richard A. Smith and Brian Knutsen, Smith & Lowney

18   PLLC. Defendant has been represented by Lori A. Terry, Foster Pepper, PLLC.

19   18.    If, for any reason, the Court should decline to approve this Decree in the form

20   presented, this Decree and the settlement embodied herein shall be voidable at the sole discretion of

21   either party. The parties agree to continue to negotiate in good faith in an attempt to cure any

22   objection raised by the Court to entry of this Decree.

23

24

25

26

CONSENT DECREE - 5

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ◆ 206-447-4400

50838445.2

1  WE HEREBY CONSENT TO ENTRY OF THIS DECREE.

2  DATED: *November 20, 2007*

3                                    WASTE ACTION PROJECT,

4                                    By *Greg Wingard*

5                                    Greg Wingard
                                     Executive Director

6  DATED: *11/19/07*

7                                    GKN AEROSPACE CHEM-TRONICS, INC.

8                                    By _____

9                                    Title: *VP-OPERATIONS GKN*

10                                   **ORDER**

11

12  IT IS SO ORDERED.

13

14  DATED: *Jan. 18, 2008*

15                                   _____

16                                   Marsha J. Pechman
                                     United States District Court Judge

17

18

19

20

21

22

23

24

25

26

CONSENT DECREE - 6                          FOSTER PEPPER PLLC
                                      1111 THIRD AVENUE, SUITE 3400
                              SEATTLE, WASHINGTON 98101-3299 ◆ 206-447-4400

50830445.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Exhibit "A"

CONSENT DECREE - 7

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ◆ 206-447-4400



**King County**
**Water and Land Resources Division**
Department of Natural Resources and Parks
King Street Center
201 South Jackson Street, Suite 600
Seattle, WA 98104-3855
**206-296-6519**  Fax 206-296-0192
TTY Relay: 711

November 5, 2007

Greg Wingard
Waste Action Project
PO Box 4832
Seattle, WA 98194-0832

RE:   Proposed Restoration Activities Related to Waste Action Project v. GKN Aerospace
      Chem-Tronics, Inc. Consent Decree

Dear Mr. Wingard:

Per your request, included is a brief description of the restoration project King County
Department of Natural Resources and Parks, Water and Land Resources Division (WLRD)
would implement with funding provided through the above-referenced Consent Decree under
negotiation by Waste Action Project. The restoration activity would take place on the WLRD-
managed property near the mouth of Mullen Slough.

Mullen Slough is a perennial tributary to the Green River that dissects the property on which
restoration would take place. This stream provides off-channel habitat for rearing salmonids, as
well as flood refugia and over-wintering habitat. Restoring this property was identified as a
priority for salmon recovery in the 2005 WRIA 9 Salmon Habitat Plan (Project LG-7). WLRD
has been regularly implementing restoration projects on the site to replace invasive vegetation
such as blackberries with native trees and shrubs. The goal of these previously-implemented
restoration efforts was to improve aquatic and terrestrial habitat for fish and wildlife and to
improve water quality.

We understand that $13,500 would be provided to WLRD via the Consent Decree currently
being negotiated in the matter of Waste Action Project v. GKN Aerospace Chem-Tronics, Inc.
This funding would allow WLRD to continue restoration efforts at the Mullen Slough property.
Specific restoration activities would include removing previously placed landscape fabric,
planting native trees and shrubs, managing invasive plants such as blackberry, and
collecting/disposing of human-generated debris. WLRD would work with local conservation
crews to implement these tasks.

Greg Wingard
November 5, 2007
Page 2

My staff would be happy to escort you or others associated with the Consent Decree to the site
for a field visit. We also intend to provide the Court and the United States Department of Justice
with verification that the funds were expended toward the tasks delineated above, with a copy of
such correspondence forwarded to Waste Action Project. WLRD currently intends to manage
and maintain this site in perpetuity.

Thank you for providing us with a draft copy of the Consent Decree; we have reviewed it
internally. We look forward to working with you on this project and are confident that you will
be pleased with how the funds are expended.

If you have any questions or would like further information regarding these restoration activities,
please do not hesitate to contact me or one of the following WLRD staff: Clint Loper,
Watershed Stewardship Unit Manager, at 206-296-8378, or Josh Kahan, Green River Basin
Steward, at 206-296-8052.

Sincerely,

Mark Isaacson
Director

MI:tv F2340

cc:     Bill Eckel, Manager, Office of Rural and Resource Programs, Water and Land Resources
           Division (WLRD), Department of Natural Resources and Parks (DNRP)
        Clint Loper, Watershed Stewardship Unit Manager, WLRD, DNRP
        Josh Kahan, Green River Basin Steward, WLRD, DNRP